UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRIC OF NEW YORK
------------------------------------------------------------X
In re:                                                          :
                                                                :   Chapter 11 (Dismissed)
CCT COMMUNICATIONS, INC.,                                       :
                                                                :   Case No. 07-10210 (SMB)
                           Former Debtor.                       :
------------------------------------------------------------X
GLOBAL CROSSING                                                 :
TELECOMMUNICATIONS, INC.,                                       :
                                                                :
                           Plaintiff,                           :
                                                                :
              —against—                                         :   Adv. Proc. No. 07-1942
                                                                :
CCT COMMUNICATIONS, INC.,                                       :
                                                                :
                           Defendant.                           :
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO DEFAULT
THE DEFENDANT OR PRECLUDE IT FROM OPPOSING THE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES**

**A P P E A R A N C E S:**

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834

    Robert J. Rosenberg, Esq.
    James Brandt, Esq.
    John D. Castiglione, Esq.
    Elizabeth R. Marks, Esq.
        Of Counsel

    – and –

DRUMMOND WOODSUM & MACMAHON
84 Marginal Way, Suite 600
Portland, Maine 04101-2480

    George Royle V, Esq.
        Of Counsel

*Attorneys for Plaintiff Global Crossing*
   *Telecommunications, Inc.*

ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street, Suite 501
Chicago, Illinois 60654

      James A. Karamanis, Esq.
          Of Counsel

  *Attorneys for CCT Communications, Inc.*

**STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

      The plaintiff, Global Crossing Telecommunications, Inc. ("Global Crossing") has moved to default the defendant CCT Telecommunications, Inc. ("CCT"), or in the alternative, preclude it from opposing Global Crossing's motion for summary judgment on damages (the "Summary Judgment Motion").[1]  The instant motion (the "Default Motion") is denied for the reasons that follow.

**DISCUSSION**

      On or about January 14, 2011, Global Crossing filed the Summary Judgment Motion arguing that a clause in the parties' contract limited its liability for the damages sought by CCT in its counterclaims.  CCT's response was due by February 14, 2011.

      At a hearing held on February 15th, CCT's attorney acknowledged that his response to the Summary Judgment Motion was due the preceding day, but represented to the Court that Global Crossing's attorney had "no objection for us to file it by the end of this week [February 18, 2011], as long as he's afforded the same amount of time on the reply."  (Transcript of Hearing held Feb. 15, 2011, at 140 (ECF Doc. # 237).)  Global Crossing's attorney confirmed the short extension.  *Id*. at 141.

---

[1]     The Summary Judgment Motion is resolved by a separate order issued simultaneously with this order.

2

CCT's attorney failed to mention that he was starting a trial two days later, and it was unlikely that he would have the time during the next three days both to try a case and prepare a brief. Not surprisingly, CCT did not file its responsive papers when it said it would, and one week after the due date, Global Crossing filed Default Motion. One day after Global Crossing made the Default Motion, CCT filed its opposition to the Summary Judgment Motion *and* made a cross-motion for summary judgment.[2]

On the return date of the Default Motion, CCT's attorney argued that he had agreed to file his response on February 18th under the mistaken belief that it was due by then; he "discovered" *after* he filed his response (on February 26th) that his response was not actually due until March 10th. In other words, his mistake had nothing to do with the late filing. (Transcript of hearing held Mar. 17, 2011, at 15-17 (ECF Doc. # 241).) Based on the tardy filing and counsel's lack of candor when he agreed to the February 18th date, (*see id.* at 21), I declined to consider CCT's cross-motion, and gave Global Crossing the opportunity to file a response to CCT's submission without prejudice to its argument that CCT's late papers should not even be considered.[3] (*Id.* at 22-23.)

I now conclude that I will consider CCT's arguments made in opposition to its motion. Rule 56 of the Federal Rules of Civil Procedure "does not embrace default judgment principles." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). Even in the absence of opposition, the lower court must assess whether the movant has carried its burden of showing that there are no material issues of fact and that it is entitled to judgment as a matter of

---

[2]  (*See CCT Communications Inc.'s Memorandum of Law in Support of CCT's Cross Motion for Partial Summary Judgment on Global Crossing's Ninth Affirmative Defense and Count VII of CCT's Counterclaims and in Opposition to Global Crossing's Summary Judgment Motion on Damages*, dated Feb. 26, 2011 (ECF Doc. # 226).)

[3]  Given the disposition of the Default Motion, the net effect of the refusal to entertain CCT's cross-motion is to deny CCT the right to serve a sur-reply on the Summary Judgment Motion.

law. *Id.* at 244. The Summary Judgment Motion centers principally on the meaning of a provision in the parties' contract limiting liability, and "searches the record." Even without CCT's opposition, I must examine the parties' contract anyway to determine the meaning of the clause, and if I were to conclude that it does not mean what Global Crossing says it does, I could grant summary judgment to CCT. *See* FED. R. CIV. P. 56(f)(1). Furthermore, there is a strong public policy that favors disposition on the merits, *Lemus v. Manhattan Car Wash, Inc.*, No. 06 Civ. 15486, 2010 WL 4968182, at *12 (S.D.N.Y. Nov. 24, 2010), and the harsh sanction of default or preclusion is unwarranted.

So ordered.

Dated: New York, New York
       July 22, 2011

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge