UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                          :
                                                                :  Chapter 11 (Dismissed)
CCT COMMUNICATIONS, INC.,                                       :
                                                                :  Case No. 07-10210 (SMB)
                                       Former Debtor.           :
------------------------------------------------------------------x
GLOBAL CROSSING                                                 :
TELECOMMUNICATIONS, INC.,                                       :
                                                                :
                                       Plaintiff,               :
                                                                :
            —against—                                           :  Adv. Proc. No. 07-01942
                                                                :
CCT COMMUNICATIONS, INC.,                                       :
                                                                :
                                       Defendant.               :
------------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER REGARDING
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**A P P E A R A N C E S:**

LATHAM & WATKINS LLP
*Attorneys for Plaintiff Global Crossing
    Telecommunications, Inc.*
885 Third Avenue
New York, New York 10022-4834

    Robert J. Rosenberg, Esq.
    James Brandt, Esq.
    John D. Castiglione, Esq.
    Elizabeth R. Marks, Esq.
        Of Counsel

BARNEY & KARAMANIS, LLP
*Attorneys for CCT Communications, Inc.*
Two Prudential Plaza, 180 N. Stetson, Suite 3050
    Chicago, Illinois 60601

    James A. Karamanis, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The defendant CCT Communications, Inc. ("CCT") has moved (the "Motion") pursuant to Rule 12(b) & (c) of the Federal Rules of Civil Procedure to dismiss Counts 1, 2, 4 and 6 in the Second Amended Complaint (the "SAC") filed by the plaintiff Global Crossing Telecommunications, Inc. ("Global Crossing"). Count 1 seeks a declaratory judgment that Global Crossing terminated the parties' contract prior to the petition date; Count 2 seeks, in the alternative, a declaratory judgment that CCT cannot assume the parties' contract and that Global Crossing is entitled to terminate it; Count 4 asserts a claim sounding in rescission; and Count 6 seeks to recover under a theory of unjust enrichment. With one exception, the Motion is denied for the reasons that follow.

## FACTS

The background to this contentious litigation has been described in prior opinions of the Court familiarity with which is assumed. The discussion that follows is limited to the facts relevant to the Motion.

This adversary proceeding was commenced on July 23, 2007, and concerns disputes between the parties arising under their contract and federal telecommunications law. Over the years, the parties have engaged in and completed discovery, participated in an unsuccessful mediation and engaged in substantial motion practice, including a motion for partial summary judgment. In February 2010, Global Crossing filed and served the SAC. CCT filed its answer and counterclaims in March 2010, and Global Crossing filed its reply to the counterclaims in April 2010. Both before and after these pleadings were filed, the Court held several discovery conferences and resolved numerous discovery related disputes.

At a conference held on May 5, 2011, the Court directed the submission of the joint pre-trial order by Friday, August 12, 2011. (Transcript of the hearing held May 5, 2011, at 49 (ECF Doc. # 281).) Upon the parties' request, the Court extended the deadline until September 13, 2011 to afford them additional time to reach a consensus on the terms of the proposed joint pre-trial order. (*See Memorandum Endorsement and Order*, dated August 15, 2011 (ECF Doc. # 289).) The drafts they ultimately produced were wholly unsatisfactory. The parties could not agree on the relief that each was requesting, the issues of law the case presented or any requested evidentiary rulings. The parties could not even provide a stipulation of any undisputed facts. (*See* Letter from James E. Brandt, Esq. to the Court, dated Sept 20, 2011 (ECF Doc. # 292) (cover letter).)

The Court conducted the final pre-trial conference on October 4, 2011. After expressing displeasure with the parties' inability to produce a coherent joint pretrial order that would assist the Court, the Court advised the parties that it intended to conduct a series of separate trials with regard to the issues as the Court understood them after presiding over the case for more than four years. The next day, the Court entered its order scheduling a trial on the first series of issues to commence on November 16, 2011. (*See Order Pursuant to Fed. R. Civ. P. 42(b) and Fed. R. Bankr. P. 7042 Scheduling Separate Trial*, dated Oct 5, 2011 (ECF Doc. # 299).)

In the meantime, CCT filed the Motion on September 26, 2011.[1] The Motion was accompanied by a twenty-eight page memorandum of law.[2] Global Crossing responded with a

---

[1] *CCT Communications, Inc.'s Motion to Dismiss Claims of Global Crossing Telecommunications, Inc. for Failure to State a Claim Upon Which Relief May be Granted, and for Judgment on the Pleadings*, dated Sept. 26, 2011 (ECF Doc. # 295).)

[2] *CCT Communications, Inc.'s Memorandum of Law in Support of CCT Communications, Inc.'s Motion To Dismiss Claims of Global Crossing Telecommunications, Inc. for Failure to State a Claim Upon Which Relief May Be Granted, and for Judgment on the Pleadings*, dated Sept. 26, 2011 (ECF Doc. # 297).)

3

forty page memorandum of law[3] and a set of sixty-five exhibits spanning several hundred pages.[4] CCT completed the briefing of the Motion by filing a twenty-six page reply memorandum of law.[5]

## DISCUSSION

"[A] motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the closing of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, while the Motion invokes Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, it is properly viewed as a motion for judgment on the pleadings under Rule 12(c). As with a motion under Rule 12(b)(6), the Court may look beyond the four corners of the complaint and consider the exhibits, statements and documents that are incorporated by reference, and issues upon which the Court can take judicial notice. *Life Prod. Clearing, LLC v. Angel*, 530 F. Supp. 2d 646, 652 (S.D.N.Y. 2008) (Chin, J.). In addition, when a Rule 12(c) motion is made after discovery has been completed, the Court may consider evidence developed in discovery that would fill in perceived gaps in the pleadings. *See Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011).

---

[3]   *Opposition to CCT Communications, Inc.'s Motion to Dismiss Claims of Global Crossing Telecommunications, Inc. for Failure to State a Claim Upon Which Relief May Be Granted, and for Judgment on the Pleadings,* dated Oct. 18, 2011 (ECF Doc. # 301).)

[4]   *Declaration of Elizabeth R. Marks in Support of Global Crossing Telecommunications, Inc.'s Opposition to CCT's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, and for Judgment on the Pleadings*, dated Oct 18, 2011 (ECF Doc. # 303).)

[5]   *CCT Communications, Inc.'s Reply Brief In Support of CCT Communications, Inc.'s Motion to Dismiss Claims of Global Crossing Telecommunications, Inc. for Failure to State a Claim Upon Which Relief May Be Granted, and for Judgment on the Pleadings*, dated Oct. 26, 2011 (ECF Doc. # 310).)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. PRO. 12(c). Thus, although the rule does not set a specific time limit for the motion, a Rule 12(c) motion must be made early enough so as not to delay the trial. *See* 2 MOORE'S FEDERAL PRACTICE, § 12.38 (3d ed., 2011). As one leading commentator has explained:

> Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination whether the motion is a legitimate one or simply has been interposed to delay the trial is within the sound discretion of the judge.

5C WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 1367, at p. 215-17 (Civil 3d 2004). *See Cairns & Assoc., Inc. v. Conopco, Inc. (In re Cairns & Assoc., Inc.)*, No. 05 B 10220, 2006 WL 2583304, at *2 (Bankr. S.D.N.Y. Aug. 29, 2006) (denying motion for judgment on the pleadings on the grounds that it was "untimely and disruptive of the extant discovery and trial schedules"); *see also Leslie v. St. Vincent New Hope, Inc.*, 873 F. Supp. 1250, 1252 (S.D. Ind. 1995) ("Rule 12 is designed to ensure that certain threshold defenses are addressed early in a case . . . . The rule does not authorize a defendant to preserve the defense by pleading it in an answer and then waiting to spring a trap late in the case.") (citing to FED. R. CIV. PRO. 12(c)).

Given the impending trial – which will address Counts 1 and 4 – and the substantial amount of discovery material submitted by both sides, it is apparent that consideration of the Motion will delay the trial, and ultimately, the disposition of the case. The pleadings in this case were closed approximately eighteen months before the Motion was made. In addition, Counts 1 and 2 were pleaded in the original July 2007 complaint over four years ago. CCT has not offered an acceptable reason for waiting

5

07-01942-smb    Doc 321    Filed 11/10/11    Entered 11/10/11 08:24:05    Main Document
Pg 6 of 7


until now to make a motion that might have curtailed the discovery and prior motion practice. Although it is true that CCT filed the Motion approximately ten days before the Court actually scheduled the first trial, the Motion came at a time when the parties were supposed to be engaged in the process of developing a joint pretrial order in contemplation of a trial in the near future.

Furthermore, the discovery and other materials submitted by the parties confirm that the issues surrounding the termination of the contract, which includes CCT's alleged pre-petition breach, as well as Global Crossing's claim for rescission based on unilateral mistake, are rife with contested questions of material fact. CCT wisely refrained from moving for summary judgment on these counts, yet its motion for judgment on the pleadings has all of the hallmarks of such a motion.

In any event, Counts 1, 4 and 6 are legally sufficient. Count 1, which claims that the contract was terminated pre-petition, is supported by the allegations in the SAC as well as documentary evidence in the form of a termination notice. (*See SAC*, Ex. 7.) Although CCT questions the effectiveness of the termination, that issue must be determined at trial. As to Count 4, this Court concluded that the claim for rescission based on unilateral mistake was legally sufficient over three years ago when it granted Global Crossing's motion to amend its complaint.

Finally, CCT argues that the claim for unjust enrichment in Count 6 should be dismissed based on the well-settled principle that quasi-contractual claims such as unjust enrichment are not permitted if a written contract between the parties governs the subject matter of their dispute. *E.g., Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d

190, 193 (N.Y. 1987).  However, Global Crossing alleges that it terminated the parties' contract but continued to deliver telecommunications services to CCT post-termination.  If the terminated contract did not govern the parties' conduct, Global Crossing would be entitled to seek recovery under the alternative theory of unjust enrichment.  *See M/A-Com, Inc. v. State*, 910 N.Y.S.2d 246 (N.Y. App. Div. 2010) ("If . . . there is a bona fide dispute as to the existence of a contract or whether the scope of an existing contract covers the disagreement between the parties, a party will not be required to elect his or her remedies and may proceed on both quasi contract and breach of contract theories."); *cf. CosmoCom, Inc. v. Marconi Commc'ns Int'l, Ltd*, 261 F. Supp. 2d 179, 187 (E.D.N.Y. 2003) (denying motion for summary judgment dismissing unjust enrichment claim where factual dispute existed regarding whether contract had been terminated).

The one exception to the disposition concerns Count 2, which seeks a declaratory judgment that CCT cannot assume the parties' agreement.  The Chapter 11 case has been dismissed, and CCT cannot assume the contract under 11 U.S.C. § 365.  Furthermore, to the extent Count 2 seeks a declaration that it is entitled to immediately terminate service to CCT, (*see SAC* at ¶ 108), Global Service had terminated further service to CCT when the contract term expired.  Consequently, Count 2 is dismissed as moot.

So ordered.

Dated:  New York, New York
       November 10, 2011

                                    /s/ *Stuart M. Bernstein*
                                    STUART M. BERNSTEIN
                                  United States Bankruptcy Judge